UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Reverse Mortgage Funding, LLC** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | RE:<br>7 Percy Lane, Wells, ME 04090 |
| **Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins**<br>**Key Bank of Central Maine** | Mortgage:<br>March 16, 2007<br>Book 15117, Page 257 |
| **Defendant**<br>**Secretary of Housing and Urban Development**<br>**Party-In-Interest** | |

NOW COMES the Plaintiff, Reverse Mortgage Funding, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins and Woodmaster Inc., as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Reverse

Mortgage Funding, LLC, in which the Defendant, Robert A. Perkins, is the obligor and the total amount owed under the terms of the Note is Three Hundred Ten Thousand One Hundred Thirty-Four and 30/100 ($310,134.30) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Reverse Mortgage Funding, LLC is a limited liability company with its principal place of business located at 1455 Broad Street, 2nd Floor, Bloomfield, NJ 07003.

5. The Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins, is a resident of Westbrook, County of Cumberland and State of Maine.

6. The Defendant, Key Bank of Central Maine is located at One Canal Plaza, Portland, ME 04112.

7. The Party-in-Interest, Secretary of Housing and Urban Development, is located at 451 Seventh Street SW, Washington D.C. 20410.

## FACTS

8. On April 8, 1994, by virtue of a Warranty Deed from Denise A. Bolz, which is recorded in the York County Registry of Deeds in **Book 7003, Page 58**, the property situated at 7 Percy Lane, City/Town of Wells, County of York, and State of Maine, was conveyed to Robert Perkins and Patricia Perkins, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. Upon information and belief, on August 28, 1998, Patricia Perkins passed away leaving her estate to Robert Perkins.

10. On March 16, 2007, Robert A. Perkins, executed and delivered to Vertical Lend Inc. a certain Note under seal in the amount of $384,037.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on March 16, 2007, Robert A. Perkins executed a Mortgage Deed in favor of Vertical Lend Inc., securing the property located at 7 Percy Lane, Wells, ME 04090 which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15117**, **Page 257**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Reverse Mortgage Solutions, Inc. by virtue of an Assignment of Mortgage dated November 2, 2012 and recorded in the York County Registry of Deeds in **Book 16460**, **Page 4**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was then assigned to World Alliance Financial LLC f/k/a World Alliance Financial Corp. fka Vertical Lend Inc. by virtue of an Assignment of Mortgage dated January 11, 2018 and recorded in the York County Registry of Deeds in **Book 17646**, **Page 386**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Reverse Mortgage Funding, LLC by virtue of an Assignment of Mortgage dated December 4, 2018 and recorded in the York County Registry of Deeds in **Book 17866**, **Page 315**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was further assigned to Reverse Mortgage Funding, LLC (the current owner and holder) by virtue of a Corrective Assignment dated April 15, 2019 and recorded in the

York County Registry of Deeds in **Book 17932**, **Page 782**. *See* Exhibit G (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

16. The Mortgage was correctively assigned to Reverse Mortgage Solutions, Inc. as of November 2, 2012 by virtue of a Corrective Assignment dated April 19, 2019 and recorded in the York County Registry of Deeds in **Book 17944**, **Page 313**. *See* Exhibit H (a true and correct copy of the Corrective Assignment is attached hereto and incorporated herein).

17. On December 16, 2021, the Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

18. The Demand Letter informed the Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

19. The Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins, failed to cure the default prior to the expiration of the Demand Letter.

20. The Plaintiff, Reverse Mortgage Funding, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

21. The Plaintiff, Reverse Mortgage Funding, LLC, is the lawful holder and owner of the Note and Mortgage.

22. The Plaintiff, Reverse Mortgage Funding, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

23. Secretary of Housing and Urban Development is a Party-in-Interest pursuant to a Writ of Mortgage in the amount of $384,037.00 dated March 16, 2007, and recorded in the York County Registry of Deeds in **Book 15117**, **Page 266** and is in second position behind Plaintiff's Mortgage.

24. Key Bank of Central Maine is a Defendant pursuant to a Mortgage Deed in favor of Woodmaster Inc., dated October 22, 1986 and recorded in the York County Registry of Deeds in **Book 4094**, **Page 18.** The mortgage was assigned to Key Bank of Central Maine by virtue of an Assignment of Mortgage dated November 26, 1986, and recorded in the York County Registry of Deeds in **Book 4094, Page 20.** Upon information and belief the debt has been paid and the mortgage should have been discharged.

25. The total debt owed under the Note and Mortgage as of February 20, 2021 is Three Hundred Ten Thousand One Hundred Thirty-Four and 30/100 ($310,134.30) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $232,534.61 |
| Interest | $18,097.44 |
| MIP | $8,210.89 |
| Service Fees | $3,918.35 |
| Taxes | $2,950.82 |
| Insurance | $6,297.00 |
| Appraisals | $1,125.00 |
| Inspections | $720.00 |
| Preservation | $31,134.05 |
| Attorney Fees | $5,146.14 |
| Grand Total | $310,134.30 |

26. Upon information and belief, the Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

27. The Plaintiff, Reverse Mortgage Funding, LLC, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

28. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 7 Percy Lane, Wells, County of York, and State of Maine. *See* Exhibit A.

29. The Plaintiff, Reverse Mortgage Funding, LLC, is the holder of the Note referenced in Paragraph 10 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Reverse Mortgage Funding, LLC, has the right to foreclosure and sale upon the subject property.

30. The Plaintiff, Reverse Mortgage Funding, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

31. The Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins and Robert A. Perkins, are presently in default on said Mortgage and Note, having failed to make the monthly payment due May 17, 2012, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

32. The total debt owed under the Note and Mortgage as of February 20, 2021 is Three Hundred Ten Thousand One Hundred Thirty-Four and 30/100 ($310,134.30) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $232,534.61 |
| Interest | $18,097.44 |
| MIP | $8,210.89 |
| Service Fees | $3,918.35 |
| Taxes | $2,950.82 |
| Insurance | $6,297.00 |
| Appraisals | $1,125.00 |
| Inspections | $720.00 |
| Preservation | $31,134.05 |
| Attorney Fees | $5,146.14 |
| Grand Total | $310,134.30 |

33. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

34. By virtue of the Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

35. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins, on December 16, 2021, evidenced by the Certificate of Mailing. *See* Exhibit I.

36. The Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins, is not in the Military as evidenced by the attached Exhibit J.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Reverse Mortgage Funding, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Reverse Mortgage Funding, LLC, upon the expiration of the period of redemption;

c) Find that the Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property, is in breach of the Note by failing to make payment due as of May 17, 2012, and all subsequent payments;

d) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

e) Find that the while the Defendant, Benjamin P. Campo, Jr., Esq., as Special Administrator of the Estate of Robert A. Perkins, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered 7 Percy Lane, Wells, ME 04090;

f) Discharge by court order, the mortgage assigned to the Defendant, Key Bank of Central Maine; and

g) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Reverse Mortgage Funding, LLC,
By its attorneys,

Dated: February 19, 2021

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com